IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALONJE WALTON SR. #20030070726, )
)
Plaintiff, )
)
v. ) No. 06 C 421
)
DET. EDWARD FARLEY, et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Alonje Walton Sr. ("Walton") has submitted a self-prepared Complaint[1] against the City of Chicago, four of its detectives and two of its police officers, claiming under 42 U.S.C. §1983 ("Section 1983") that his constitutional rights were violated when he was subjected to allegedly illegal conduct over a period of a few days beginning on September 18, 2003. This memorandum opinion and order is issued to address a number of problematic aspects of Walton's attempted lawsuit.

To begin with, Walton has neither paid the $250 filing fee nor submitted an Application To Proceed In Forma Pauperis ("Application"),[2] and one of those alternatives must be pursued before his lawsuit can go forward. If Walton does hope to

---

[1] "Self-prepared" is employed here in the sense that Walton has utilized the printed form provided by this District Court's Clerk's Office for use by persons in custody (Walton is being held at the Cook County Jail) and has completed it in handwriting, including a 10-page narrative Statement of Claim.

[2] That fundamental omission is hard to understand, for the current Complaint itself discloses that he has previously filed three other lawsuits in this District Court.

proceed in forma pauperis, the Application (copies of which are being sent to him together with a copy of this opinion) must be completed, and 28 U.S.C. §1915(a)(2)[3] also requires that it must be accompanied by a printout from the County Jail showing all transactions in Walton's trust fund account there for the six-month period ended January 13, 2006 (the date he signed the Complaint).[4] That total submission will enable this Court to make the calculation required by Section 1915(b)(1).

But Walton is forewarned that if the financial information contained in the Application shows him to be entitled to in forma pauperis status, he will be excused only from the <u>prepayment</u> of the $250 filing fee. Instead he will become liable for that full amount, which will have to be paid in installments out of his jail or prison trust fund account (see Section 1915(b)(1) and (2)).

That may perhaps cause Walton to think twice about proceeding with this case, for any claims that are based on the events of September 2003 are barred by the two-year statute of limitations applicable to Section 1983 claims, so that they would

---

[3] All further references to Title 28's provisions will simply take the form "Section--."

[4] If Walton has been in custody for less than six months, the printout should instead cover the entire period of his custodial detention through January 13.

2

have to be dismissed on a motion by a defendant or defendants.[5] If such claims are the only ones that he seeks to present, he might well consider incurring the obligation to pay the filing fee to be a waste of money.

If on the other hand Walton is also claiming that any defendant's conduct on or after January 13, 2004 violated his constitutional rights (something that is not really clear from Walton's extended allegations), such conduct could be subject to possible suit under Section 1983 without being vulnerable to a statute of limitations defense. Although this Court also sees some obvious problems with any such claims,[6] no further comment will be made at this time--both because this Court should not act sua sponte (that is, on its own) and because the explanations involved are more complex than simply pointing to a two-year statute of limitations.

Accordingly Walton is ordered either (1) to pay the $250 filing fee or (2) to submit a completed Application together with

---

[5] Because the statute of limitations is an affirmative defense that might be waived by defendants (as improbable as that may seem), this Court cannot on its own properly order a dismissal on limitations grounds.

[6] For example, Complaint ¶¶36(b) and 37 refer to assertedly false testimony by certain defendants during an August 18, 2004 hearing on a motion to quash Walton's arrest and during grand jury proceedings at an unspecified time. But testimony by a police officer in a judicial proceeding (even if allegedly perjurious) is absolutely immune and may not be the target of a Section 1983 lawsuit (Briscoe v. LaHue, 460 U.S. 325 (1983)).

3

the required trust fund printout, in either case so that the submission is received in the Clerk's Office on or before February 22, 2006 (that should be ample time for Walton to comply). If neither such payment nor such submission is received by that date, it will be assumed that Walton has chosen not to proceed with this lawsuit, and this Court will dismiss both the Complaint and this action.

One last point. If Walton does choose to proceed, he must also tender seven more copies of his Complaint. That is necessary because a copy must be provided for service on each defendant.

                                                     _____
                                                     Milton I. Shadur
                                                     Senior United States District Judge

Date:   February 1, 2006